FILED
2018 MAY 23 PM 12: 30
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

**IN THE COURT OF COMMON PLEAS**
**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| **DIANA LOMBARDO-BRUENING**<br>**1894 Marsh Lane**<br>**Painesville Township, OH 44077**<br><br>**Plaintiff**<br><br>**v.**<br><br>**CITY OF MENTOR**<br>**c/o Richard Hennig**<br>**Law Director**<br>**8500 Civic Center Boulevard**<br>**Mentor, OH 44060**<br><br>**and**<br><br>**KEVIN KNIGHT**<br>**Chief of Police**<br>**City of Mentor**<br>**8500 Civic Center Boulevard**<br>**Mentor, OH 44060**<br><br>**and**<br><br>**KEN GUNSCH**<br>**Police Captain**<br>**City of Mentor**<br>**8500 Civic Center Boulevard**<br>**Mentor, OH 44060**<br><br>**and**<br><br>**John Does 1-10**<br><br>**Defendants.** | ) | **CASE NO.:**<br><br>**JUDGE:**<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(Age Discrimination; FLSA)**<br><br>**(Jury Demand Endorsed Hereon)**<br><br>18CV000805<br>VINCENT A. CULOTTA |

Plaintiff Diana Lombardo-Bruenig ("Plaintiff"), for her Complaint against Defendants, states as follows:

EXHIBIT 1

1. Defendant City of Mentor (hereinafter referred to as "Employer") is an Ohio municipality with its principal place of business located within the County of Lake and State of Ohio.

2. At all relevant times, Employer employed more than fifty (50) people.

3. Plaintiff was employed by Defendant EMPLOYER in the police records department for approximately eight (8) years until her termination on November 28, 2017.

4. Defendant Kevin Knight is the Mentor Chief of Police ("Chief") and was, at all relevant times, a supervisor of Plaintiff at Defendant EMPLOYER and possessed the requisite authority to take tangible employment action against Plaintiff.

5. Defendant Ken Gunsch is a captain in the Mentor Police Department ("Captain") and was, at all relevant times, a supervisor of Plaintiff at Defendant EMPLOYER and possessed the requisite authority to take tangible employment action against Plaintiff.

6. Upon information and belief, Defendants JOHN DOES 1-10 were, at all relevant times, a supervisor of Plaintiff and had the requisite authority to take tangible employment action against Plaintiff.

7. At all relevant times, Plaintiff was an "employee" within the meaning of Ohio Revised Code §4112.01(A)(3) and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* (FLSA) and was not an exempt employee as defined by the FLSA.

8. At all relevant times, Defendants EMPLOYER, Captain and Chief were "employers" within the meaning of Ohio Revised Code §4112.01(A)(2) and the FLSA.

9. As of November 28, 2017, Plaintiff was 57 years of age.

10. On numerous occasions, Plaintiff received accolades and monetary increases for Plaintiff's job performance with Defendant EMPLOYER.

11. Plaintiff garnered high praise and commendations from her immediate supervisor at EMPLOYER.

12. Despite Plaintiff's exemplary performance and distinguished career, Defendant targeted Plaintiff for termination on account of Plaintiff's age.

13. In advance of Plaintiff's termination, Defendants hired new employees to perform Plaintiff's duties.

14. The new employees hired by Defendants to replace Plaintiff were substantially younger than Plaintiff.

15. On November 28, 2017, Defendants terminated Plaintiff's employment alleging she completed time cards improperly. Plaintiff had always completed her time cards pursuant to the instructions of her direct supervisor in compliance with Employer's Handbook.

16. Plaintiff was terminated on account of her age and Defendants' stated reasons for Plaintiff's termination are pretextual.

17. At the time of her termination, Plaintiff was in a meeting at the police department with, among others, Captain, who was in uniform. Prior to the meeting,

Plaintiff did not know she was being terminated and did not have legal counsel present.

18. During Plaintiff's termination meeting, she was given a release to execute.

19. During her termination meeting, she was told by Captain that she could be charged criminally with theft. Plaintiff believed that if she did not sign the release at the termination meeting, she would be arrested.

20. Plaintiff was paid $500 as "consideration" for the release.

21. The release was clearly signed under duress, without the advice of counsel and for inconsequential consideration and is therefore invalid.

22. Prior to her termination, Plaintiff worked on the implementation of new software programs.

23. During the implementation of these programs, Plaintiff worked numerous hours over forty hours per week for which she was not paid.

24. Pursuant to the FLSA, Plaintiff is entitled to be paid overtime for the hours she worked over forty (40) hours in a week for which she was not compensated.

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and damage including without limitation emotional distress, anguish, humiliation, depression, anxiety, wage loss, investment loss, costs and expense.

**Count I**
**(Age Discrimination)**

26. Plaintiff reavers and realleges each and every allegation set forth in paragraphs 1 through 25 above as if fully rewritten.

27. Defendants, in violation of Ohio Revised Code §4112.02(A), have discriminated against Plaintiff and terminated Plaintiff's employment on account of Plaintiff's age.

28. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred injury and damage for which Defendants are jointly and severally liable.

**Count II**
**(FLSA)**

29. Plaintiff reavers each and every allegation set forth in paragraphs 1 through 28 above as if fully rewritten.

30. As set forth above, Defendants have violated the FLSA for failing to pay Plaintiff for hours worked over forty (40) hours per week.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred injury and damage for which Defendants are jointly and severally liable.

**Count III**
**(Intentional Infliction of Emotional Distress)**

32. Plaintiff reavers and realleges each and every allegation set forth in paragraph 1 through 31 above as if fully rewritten.

33. Defendants have intentionally inflicted serious emotional distress upon Plaintiff.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred injury and damage for which Defendants are jointly and severally liable.

**Count IV**
**(Negligent Infliction of Emotional Distress)**

35. Plaintiff reavers and realleges each and every allegation set forth in paragraph 1 through 34 above as if fully rewritten.

36. Defendants have negligently inflicted serious emotional distress upon Plaintiff.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred injury and damage for which Defendants are jointly and severally liable.

**Count V**
**(Punitive Damages and Attorney Fees)**

38. Plaintiff reavers and realleges each and every allegation set forth in paragraph 1 through 37 above as if fully rewritten.

39. Defendants have acted intentionally, outrageously, recklessly and/or in conscious disregard for the rights of Plaintiff.

40. Defendants are jointly and severally liable to Plaintiff for an award of punitive damages and reasonable attorney fees.

**Count VI**
**(Respondeat Superior)**

41. Plaintiff reavers and realleges each and every allegation set forth in paragraph 1 through 40 above as if fully rewritten.

42. Defendant EMPLOYER has acted through its employees and/or agents and/or has ratified the acts of its employees and/or agents.

43. Pursuant to the doctrine of respondeat superior, Defendant EMPLOYER is vicariously liable for the conduct of its employees and/or agents.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendants, jointly and severally, in an amount to be determined at trial of this matter as and for compensatory damages, punitive damages, reasonable

attorney fees, costs of this action and interest as well as any other relief this Court deems just and equitable.

Timothy L. McGarry (0055604)
Henderson, Schmidlin & McGarry Co., LPA
840 Brainard Road
Highland Heights, OH 44143
Phone: 440-720-0379
Fax: 440-720-0385
Email: tmcgarry@hendersonschmidlin.com

Attorneys for Plaintiff

**Jury Demand**

Plaintiff hereby demands a trial by jury on all issues properly tried to a jury with the maximum number of jurors allowed by law.

One of the Attorneys for Plaintiff

**COMMON PLEAS COURT**
**LAKE COUNTY, OHIO**
Case Design ation Form Loc. R II(C)(1)
**For all cases except Foreclosure**

FILED
2018 MAY 23 PM 12:30
~~MAUREEN G. KELLY~~
LAKE CO. CLERK OF COURT

Diana Lombardo-Bruening ______ Case No. ______
VS
City of Mentor, et al. ______ Judge ______

Per LOC R. II (C)(3), refilling of cases previously dismissed under Civ. R. 41 must have a designation upon the face of the complaint that the action is being refiled. The word "REFILING" must appear in upper case letter under the word "COMPLAINT". Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action. **Former Case no.** ______

**Case Categories (Mark one category only)**

**Administrative Appeal** (Specific ORC Sec.) Section ______
**Consumer Sales Practices**: Actions commenced under applicable section of ORC Chapters: 109, 1315, 1317, 1321, 1322, 1333, 1334, 1345, 1349, 3953, 4505, 4549, 4710, 4712, 4719, 4775, 4905 or 5311

______**Contract or Quasi Contract**
______**Criminal**
______**Declaratory Judgment**
***See Foreclosure Case Designation Form***
______**Foreign Judgment**
______**Malpractice** (specify) ______
______**Credit Card** (CI)
______**Personal Injury**
______**Product Liability**
______**Professional Tort**
______**Provisional Remedy** (Replevin, Attachment, Garnishment)
______**Workers Compensation**
X **Other Tort** Age Discrimination
______**Other Civil** ______

**18CV000805**
**VINCENT A. CULOTTA**

The designation "money only" may not be used if one of the above specific categories is applicable. Further, the caption shall note any statutory provision that is unique to the particulate cause and controls the time within which the case is to proceed, once filed. (EX. Miscellaneous – Contest of Election (ORC Section 3515.10 – Hearing within 30 days.)

Revised Code Section unique to this particular cause which controls the time within which the case is to proceed: ______

______ **Signature**
Timothy L. McGarry (0055604) **Printed name & Registration No.**
Henderson, Schmidlin & McGarry Co., LPA **Firm name**
840 Brainard Road, Highland Heights, OH 44143 **Address**
440-720-0379 **Phone number**

revised 9/27/13 nr